**BENNETT, Plaintiff-Appellee, v. ALLEN et, Defendants, and ALLEN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4260. Decided September 28, 1949.

Gale R. King, Columbus, for plaintiff-appellee.
John F. Carlisle, Columbus, for defendant-appellant, Clinton E. Allen.

### OPINION

By THE COURT.

This is an appeal from an order of the court denying a motion of defendant-appellant to dismiss a petition to revive a judgment and certain proceedings in aid of execution.

Eight errors are assigned to the order of the court but they may be encompassed under two headings:

First. That the order of revivor was void for several reasons assigned and briefed.

Second. That the proceedings in aid of execution and order to the defendant to appear and answer concerning his property was void because if it be granted that there was a revived judgment, no execution had issued thereon prior to the order in aid.

Without setting forth the operative facts, which are somewhat extended, or discussing the questions raised by the comprehensive and complete briefs of the parties, we are agreed that the revivor of the judgment was not a void proceeding and are also in agreement with the conclusions of Judge Gessaman as to the objections urged to its validity.

Upon the second question a majority of the members of the court are of opinion that the failure of the judgment creditor to have execution issued on the revived judgment was not essential as a prerequisite to the granting of the order in aid of execution. One member of the court is of opinion that such action was essential and necessary before the proceedings in aid of execution were in order.

The majority holds that the judgment being revived, the executions which had been issued prior to its dormancy met the language of the statute defining proceedings in aid of execution and therefore were sufficient to support the action of the court. The member in the minority believes that proceedings in aid of execution are, as the name implies, in aid of execution. It is held in **Smith v. Hogg, et al., 52 Oh St 527,** that a lien may not be obtained after a dormant judgment is revived unless levy is made after its revivor. The purpose of the proceedings in aid of execution is that first the remedy accorded the judgment creditor by execution shall be exhausted before the judgment debtor may be required to answer further concerning his property.

**Sec. 11760 GC** supports this conclusion in the language,

"When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment", etc.,

the interests or property therein defined,

"Shall be subject to the payment of the judgment, by action."

One of the statutes which follows §11760 GC, and a part of the chapter relating to proceedings in aid of execution, is §11768 GC, which provides for the examination of the debtor after return of execution. In the instant cause, no levy was ever made. In the many years the judgment was dormant the appellant may have acquired property which could be reached and subjected to plaintiff's judgment by execution and levy.

Because of the division of the court and the opinion of the majority that neither the revivor of the judgment nor the proceedings in aid of execution was void, the judgment must be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.